# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SEAN P. DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-1163-JCH |
| ) | |
| LEIDOS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Sean P. Dougherty's motion for leave to proceed *in forma pauperis* in this employment discrimination action. Upon consideration of the motion and the financial information provided therein, the Court finds that plaintiff is unable to pay the filing fee. The Court will therefore grant plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

Under 28 U.S.C. § 1915(e)(2), the Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Briefly, in the complaint at bar, plaintiff claims he suffered employment discrimination on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. He sets forth factual allegations in support of both claims. Additionally, plaintiff avers he filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission (EEOC) to allege the same claims alleged in the complaint. Plaintiff provided a copy of a June 30, 2021 Dismissal and Notice of Rights he received from the EEOC,

giving him ninety days in which to file a lawsuit under federal law. Plaintiff filed this action on September 27, 2021. Accordingly, based upon plaintiff's averments and the record before the Court, it appears this action is timely, and that plaintiff has exhausted administrative remedies. The Court will allow this case to proceed against defendant Leidos.

Plaintiff has also filed a motion for the appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. There is no indication that this case is factually or legally complex, or that plaintiff will be unable to investigate the facts and clearly present his claims. Additionally, the motion is premature, as the defendant has yet to be served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process or cause process to issue upon the complaint as to defendant Leidos via its registered agent, CT

Corporation System, 120 South Central Ave., Clayton, MO 63105.

    Dated this 29th day of September, 2021.

                                              /s/ Jean C. Hamilton
                                              JEAN C. HAMILTON
                                              UNITED STATES DISTRICT JUDGE