IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN P. DOUGHERTY, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-1163-JCH |
| LEIDOS, | ) |
|                 Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Sean P. Dougherty ("Plaintiff") and Defendant Leidos, Inc. ("Defendant") have agreed to the terms of this Protective Order in order to restrict the disclosure of confidential information exchanged during discovery. The Court, being fully advised of its content, and for good cause shown, hereby ORDERS:

    1.    **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order and to facilitate the exchange of information between the Parties. The Order is necessary to protect all the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning all the Parties and nonparties, including, for example, but not limited to, the personnel files and personal information of current and/or former employees of Defendant; documents concerning Defendant's financial status, internal policies, personnel and operational policies, internal investigations, or other non-public, confidential and/or proprietary information regarding Defendant's operations; and information regarding Plaintiff's financial or medical condition or other personal and personnel information.

The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of

Civil Procedure 26(c), in order to prevent and/or limit the disclosure of documents and information the Parties' appropriately deem confidential.

2. **Confidential Information.** Without waiving any objections as to the discoverability of such information, the Parties agree that certain categories of documents and information, if produced or disclosed during this case, shall be used only for purposes of this case and will be treated as Confidential Information.  The Parties also agree that this shall include, but is not necessarily limited to, information relating to the following topics:  the personnel files and personal information of current and/or former employees of Defendant; documents concerning Defendant's financial status, internal policies, personnel and operational policies, internal investigations, or other non-public, confidential and/or proprietary information regarding Defendant's operations; and information regarding Plaintiff's financial or medical condition or other personal and personnel information.

3. **Designating Material as Confidential**.  Any Party to this case may designate as confidential any document or discovery response produced after entry of this Order by conspicuously stamping or labeling the document or discovery response with the word "Confidential."  Any "Confidential" indication or designation shall apply not only to the original materials, but also to all copies, excerpts, abstracts, analyses, and summaries thereof.  Documents and information produced by any of the Parties shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as otherwise provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a Party from subsequently making such a designation, and, in that case, the material is treated as such only after the material has been properly designated.

Any Party also may designate deposition testimony as Confidential Information by advising

opposing counsel in writing within 30 days after receipt of a copy of the transcript, or at such other time as may be mutually agreed upon by the Parties, of the pages and lines of the deposition that the designating Party requires to be treated as confidential. All deposition transcripts shall be treated as Confidential Information until the expiration of 30 days after receipt of a copy of the transcript unless otherwise agreed to by the Parties in writing or on the record at the deposition. Any Party may, on the record at the deposition, designate deposition testimony as Confidential Information by advising all persons present that the Party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disclosure of Confidential Information.** Confidential Information is to be treated as such by the Party or other person receiving the material and shall be utilized by such Party or other person only for the prosecution or defense of this case and in accordance with the provisions of this Order. Except as agreed upon by the Parties or ordered by the Court, disclosure of Confidential Information is limited to:

(a) the Parties (including the corporate representatives of Defendant and their respective former and/or current officers, directors, employees, and agents);

(b) attorneys of record in this matter, including their legal and clerical assistants and staff;

(c) the Court and its personnel, including court reporters, persons operating video recording equipment at depositions, and members of a jury;

(d) any independent document reproduction services or document or video recording and retrieval services retained for purposes related to the case;

(e) any expert witness or outside consultant retained or consulted by the Parties;

(f) any mediator, arbitrator, or third-party neutral to whom the dispute between the Parties may be submitted;

  (g)  court reporters and videographers retained to transcribe and/or record testimony, and related staff employed by such service providers;

  (h)  retained and/or potential experts, potential witnesses, deponents, and hearing and/or trial witnesses (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness); and

  (i)  any other person agreed to in writing by the Parties or allowed by the Court.

Counsel for the Parties shall advise all persons to whom Confidential Information is disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound by this Order and to submit to the jurisdiction of this Court for purposes of enforcement of this Order, prior to sharing Confidential Information with them.

  5.  **Disputes Concerning Designation(s) of Confidential Information.**  In the event any Party disagrees at any stage of the proceedings with the designation of information as "Confidential," the Party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the Party opposing the designation of the information as "Confidential" may apply for appropriate relief from the Court. The Parties shall treat the designated information as "Confidential" in accordance with this Order until the dispute is resolved.

  6.  **Binding Effect of This Order.**  This Order is binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony is permitted pursuant to the terms of this Order.

  7.  **Use of Confidential Information.**  All Confidential Information shall be used and disclosed solely for purposes of the prosecution, defense, and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court or another Court with jurisdiction.

The Parties shall not unnecessarily disclose Confidential Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court.  However, the Parties shall have the right to file or deposit with the Court any Confidential Information at any time if such filing or deposit is intended in good faith to support any party's prosecution or defense of this Case, and further subject to the right of any party or its counsel to request the Court place any Confidential Information under seal, either before or after such Confidential Information has been initially filed with the Court.  Nothing in this Order shall restrict the right of any Party to use Confidential Information in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Information from unnecessary disclosure to the public.

      The Parties do not waive any right to object at trial to the admissibility of any Confidential Information or the right to file a motion *in limine* regarding the use of any Confidential Information. The Parties do not waive the right to otherwise seek appropriate protection of Confidential Information, either before or after such Confidential Information has been initially filed with the Court.  If any Party wishes to request that any Confidential Information be placed under seal, that party shall file a separate motion seeking such Order from the Court.  This Order has no effect upon a Party's use of its own Confidential Information.

      The Parties shall not voluntarily produce to any person or entity, including any federal or state law enforcement or regulatory agency, or any employee thereof, any Confidential Information, unless commanded to do so by law.  If any Party is requested to produce any Confidential Information, by legal process or otherwise, the Party so requested shall notify the designating Party of such request within a reasonable time to enable the designating Party to take any actions it believes are necessary or appropriate to prevent production of the requested

Confidential Information, which shall be at the sole option and shall be the sole responsibility of the designating Party.  Nothing herein shall preclude any other person or entity from taking any action it believes necessary or appropriate to contest production of any Confidential Information so requested.

8. **No Admission.**  Nothing contained in this Order, nor any action taken in compliance with it, shall (i) operate as an admission or assertion by any Party that any particular material is, or is not, confidential; or (ii) prejudice in any way the right of any Party to seek a Court determination of whether or not any particular material should or may be disclosed or, if disclosed, whether or not it should remain Confidential Information and subject to the terms of this Order.  Any Party may request the Court to modify or otherwise grant relief from any provision of this Order.  Nothing in this Order shall operate as an admission or assertion by any Party that any particular material is, or is not, admissible into evidence.

9. **Inadvertent Disclosure/Privileged Information.**  To facilitate and expedite the production of material, the inadvertent disclosure by a producing Party of Confidential Information or documents that are attorney-client privileged or work product shall not constitute a specific or general or subject matter waiver of the attorney-client privilege; of any immunity, right, or privilege a Party may have under the work product doctrine; or of any other right, privilege, or immunity with respect to such Confidential Information or with respect to any other document, material, testimony, or thing related thereto.

The terms and provisions of this Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery.  In the event any party or person inadvertently or unintentionally produces

or discloses any document or information protected by the attorney-client privilege, joint defense/common interest privilege, or any work product doctrine, including but not limited to the protections afforded by any applicable Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it and all copies of it to the party or person who produced or disclosed such document or information.

10. **Return of Information.** The Parties' and their respective counsel shall return or destroy all documents or materials constituting Confidential Information designated by another Party to the other Party by March 1, 2023, or else counsel shall keep the information as part of a secured, stored file according to the Missouri Rules of Ethics and maintained consistent with the requirements of this Order.

11. **Agreement Survives Dismissal.** The terms of this Order shall survive the final termination of this case.

**IT IS SO ORDERED.**

DATED: _____

_____
UNITED STATES DISTRICT COURT
JUDGE JEAN C. HAMILTON