# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SEAN P. DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-01163-MTS |
| ) | |
| LEIDOS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Amended Motion to Compel Discovery, Doc. [66]. The Court carefully has reviewed the Amended Motion, the Memorandum in Support of the Amended Motion and its exhibits along with the Memorandum in Opposition to the Amended Motion and its exhibits, which included Defendant's discovery responses at issue.[1] After careful review and consideration, the Court concludes that Defendant has responded appropriately under the Federal Rules of Civil Procedure to each contested interrogatory and request for production.

On the interrogatories at issue, Defendant provided objections before answering the interrogatories "subject to and without waiving th[e] objections." *See, e.g.*, Doc. [68-1] at 5. Plaintiff's Motion attacks those objections. *See, e.g.*, Doc. [67] at 4 (arguing Plaintiff's interrogatory was "particularly relevant" and "essential"). Then, Plaintiff consistently asserts that the Court should "order Defendant to respond fully" to each interrogatory at issue. *See, e.g.*, *id.* Plaintiff's arguments are not well taken. Putting aside the merits of Defendant's objections and the issue of whether a litigant can answer an interrogatory without waiving an objection,

---

[1] Plaintiff did not file a Reply, and his time to do so has elapsed. *See* E.D. Mo. L.R. 4.01(C).

Defendant did, in fact, answer every interrogatory. Plaintiff has in no way explained, argued, or shown that the answers were insufficient. Instead, Plaintiff only quarrels with Defendant's objections and says Defendant must "respond fully." But Plaintiff has not explained how Defendant has not "respond[ed] fully" when it provided responses to each interrogatory notwithstanding its objections.

Lastly, Plaintiff asks the Court to "order Defendant to respond fully" to Plaintiff's Third Request for Production. Doc. [67] at 10. In Defendant's responses to Plaintiff's six requests within his Third Request for Production of Documents, Defendant noted it already produced all the non-privileged, responsive documents it had in its possession on the six topics requested. *See, e.g.*, Doc. [68-2] at 4. Plaintiff does not identify any documents that Defendant has not provided him. Plaintiff is not entitled to "unreasonably cumulative or duplicative" discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Defendant represents it already has provided these documents to Plaintiff, and Plaintiff does not challenge that representation. Plaintiff can now obtain these documents "from some other source that is more convenient, less burdensome, or less expensive" than obtaining them (again) from Defendant—*i.e.*, Plaintiff can obtain them from himself. *See id.*

### Conclusion

The Court will deny Plaintiff's Amended Motion in full and will deny the original Motion as moot.[2] The parties are reminded that the deadlines of the Second Amended Case Management Order, Doc. [62], remain in effect.

Accordingly,

---

[2] Because the Court has concluded that Plaintiff's Amended Motion fails on the merits, the Court is assuming for the purposes of this Amended Motion that Plaintiff sufficiently conferred in good faith with Defendant prior to filing the Amended Motion, though the Court is not convinced he did so sufficiently.

- 3 -

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion to Compel Discovery, Doc. [66], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's original Motion to Compel Discovery, Doc. [64], is **DENIED** as moot in light of the Amended Motion.

Dated this 29th day of December 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE