**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SEAN P. DOUGHERTY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-1163-MTS |
| LEIDOS, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGEMENT**

Plaintiff Sean P. Dougherty ("Plaintiff) respectively moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in favor of Plaintiff.

**CLAIM AND DEFENSES UPON WHICH JUDGEMENT IS SOUGHT**

**A. Plaintiff is entitled to Summary Judgement on his claim of Discrimination based on Disability**

1. <u>Burden of proof and elements</u>: Plaintiff's claim of discrimination based on disability under the Americans with Disabilities Act 42 U.S.C. § 12112 (a), which prohibits discrimination against an employee "…on the basis of disability in regard to job application procedures, the hiring, **advancement**, or **discharge of employees**, employee compensation, job training, and other terms, conditions, and privileges of employment." Plaintiff is required to establish, by a preponderance of evidence, a *prima facie* case that: (1) he has a disability or was regarded as disabled; (2) he was qualified for the job; (3) he was subject to an adverse employment decision on account of his disability.

2. <u>Proven Elements</u>

Page **1** of **9**

<u>Element 1</u>: Plaintiff provided medical documentation of his disability to Defendant during his time of employment with Leidos. Plaintiff also informed Leidos of his disabilities and produced this documentation during Discovery and testified that he had Attention-deficit/hyperactivity disorder, a learning disability in reading and comprehension, bilateral amblyopia (bi-lateral lazy eyes), and spondylolisthesis. **Exhibits A and B.**

<u>Element 2</u>: Plaintiff has a bachelor's degree in Management Information Systems and Cybersecurity from Maryville University. Plaintiff was constructively discharged from by Defendant when he held the position of a Network Support Specialist, which had the following basic qualifications:

- High School diploma and 3+ years overall related experience.
  - Plaintiff's education and experience exceed this requirement, as demonstrated in his produced resume. **Exhibit C.**
- Ability to obtain DoD 8570 certification at IAT level II, Security+ CE.
  - Plaintiff obtained DoD 8570 certification at IAT level II, Security+ CE in July 2020.
- Knowledge of information technology terms, implementing, administering, performing testing, and analyzing network systems.
  - Courses undertaken during Plaintiff's collegiate education and hands-on experience provided the necessary knowledge of information technology terms, implementing, administering, performing testing, and analyzing network systems.
- Knowledge of IT networks, to include network appliances (e.g., routers, load balancers, domain name servers, firewalls).

- Courses undertaken during Plaintiff's collegiate education and hands-on experience provided the necessary knowledge of IT networks, to include network appliances (e.g., routers, load balancers, domain name servers, firewalls).

•Familiarity with network services (BGP, OSPF, DHCP, DNS, TCP/IP, WAN, VPN, VLAN, VRF, etc).

- Courses undertaken during Plaintiff's collegiate education and hands-on experience provided the familiarity with network services.

•Familiarity in network engineering, problem management, and performance management.

- Courses undertaken during Plaintiff's collegiate education and hands-on experience provided the familiarity in network engineering, problem management, and performance management.

•Broad knowledge of all Customer Advocacy tools (DISA Direct, WWOLS, TIBI, TCOSS, SNAP, etc.)

- Courses undertaken during Plaintiff's collegiate education and hands-on experience provided Broad knowledge of all Customer Advocacy tools.

•Strong written and verbal communications, team building and collaboration skills

- Plaintiff's collegiate education and professional experience allowed him to develop strong written and verbal communications, team building and collaboration skills.

•Strong working knowledge of Microsoft Office products

- Plaintiff's collegiate education and professional experience allowed him to develop strong working knowledge of Microsoft Office products.

•Must have an active DoD Secret Security Clearance with eligibility for a Single Scope Background Investigation (SSBI).

- Plaintiff obtained an active DoD Secret Security Clearance on or about January 2020. This was previously obtained from a Cybersecurity internship with the Air force Civilian Service in 2018.
- Plaintiff underwent a Single Scope Background Investigation on or about May 2020 and received an Interim Top Secret Security Clearance on or about July 2020, which was eventually adjudicated on or about November 2020; therefore, indicating Plaintiff's eligibility.

Element 3: (A) During June and July 2020, Plaintiff took time off work to prepare for and take the required DoD 8570 certification at IAT level II, Security+ CE. Plaintiff's Leidos supervisor, Janice Richardson, approved the time off and even entered the time-off in Leidos' time reporting system for the Plaintiff. Plaintiff explained he required additional time prepare for and take the certifying examination due to his disability. Ms. Richardson did not indicate the time taken would be associated with consequences to his employment (**Exhibit D**). Additionally, Ms. Richardson said he was allowed to take up to -40 hours of time off (**Exhibit D; pages 1-17**). However, on or about August 27, 2020, Plaintiff was administered a Final Written Warning (**Exhibit E**) indicating that he was being subjected to an adverse employment decision on account of his disability (ie, "extended time out for Sec+"). Importantly, Plaintiff had not received any course correction for time off prior to August 27, 2020. Defendant cannot identify

any record of discipline prior to the Final Written Warning or incidents of Plaintiff's behavior, performance, and actions that would warrant discipline, except for the Final Written Warning.

(B) Plaintiff was not only prevented in advancing his career through internal mobility, despite support from his supervisors at the time (**Exhibit F; pages 1-3**), but he was subjected to an adverse employment decision on account of his disability, as outlined in the Final Written Warning (**Exhibit E**) with the following: "Continually applying to numerous and varied internal job opportunities, despite direction from multiple member of HR and management to follow Procedure PR-HR-5.3: Internal Mobility, which requires one-year in current position." Defendant's Internal Mobility procedure (PR-HR-5.3) requires individuals to "have a minimum of 12 months of good standing in their current role, unless otherwise agreed upon with current supervisor." (**Exhibit G**). PR-HR-5.3 does not outline consequences for applying for internal positions. In fact, Leidos Principal Recruiter Marsha Barber told Plaintiff that he could apply and interview for cybersecurity positions at Leidos after he obtained his Security+ certification. The Final Written Warning only came after Plaintiff took time off to prepare for and take the required certification exam; thus, indicating he was being subjected to an adverse employment decision on account of his disability.

(D) Additionally, after taking time off from work to prepare for and take the certifying exam (Security+ CE), Plaintiff was subjected to an adverse employment decision on account of his disability (ie, additional time to prepare for and take the exam). As outlined in the Final Written Warning (**Exhibit E**), Plaintiff was disciplined for the following:

"Failure to following Leidos, Customer and CDC COVID workplace guidelines

- Self-Reporting – reported to work for one week while experiencing COVID symptoms when Leidos requires symptomatic employees stay away from the work place and have provided a paid benefit for that purpose
- Wearing Mask in common areas – reminded by management 2 times in the same week you later disclosed you were experiencing symptoms
- Maintaining Social Distancing Guidelines – again this conduct was during the same week you had virus symptoms"

Plaintiff explained to his supervisor, Janice Richardson, that he had to have a COVID test to see his doctor. Ms. Richardson then communicated this information to Paula DeCaney; making the accusation of not self-reporting false. Furthermore, on the COVID intake form completed by Ms. DeCaney, she did not indicate Plaintiff was experiencing COVID symptoms (**Exhibits H and I**). Therefore, further indicating that Plaintiff was being disciplined because he required additional time off work to prepare for and take the required certifying exam.

Plaintiff was told on **one** (not two) occasion to put his mask by Lindsey Leifer; however, this instance occurred while he was seated at his desk, where he maintained social distancing guidelines and was allowed to remove his mask. The accusations presented in the Final Written Warning are not accurate, nor are they fully substantiated in Defendant's response to Interrogatory No. 11 (**Exhibit J).** making the accusations of not wearing a mask and following social distancing guidelines false; therefore, further indicating that Plaintiff was being disciplined because he required additional time off work to prepare for and take the required certifying exam. Prior to taking time off to study for and prepare for his, Plaintiff had never been disciplined or warned for any issue.

(C) Plaintiff was constructively discharged from employment with Leidos in or about October 2020. <u>Burden of proof and elements</u>: Plaintiff is required to establish, by a preponderance of evidence, a *prima facie* case that: (1) working conditions were such that a reasonable person in the Plaintiff's position would have found them intolerable; (2) the intolerable working conditions were a result of conduct that constituted discrimination against the Plaintiff; and (3) the Plaintiff's involuntary resignation was a result of intolerable working conditions. When I provided my evidence to the Illinois unemployment office they agreed with my evidence and granted unemployment. This is not normally granted to employees that leave their employer.

> <u>Element 1</u>: See numbers 1 and 2 of this document for a partial description of the intolerable working conditions.
>
> <u>Element 2</u>: See numbers 1 and 2 of this document for a partial description of the intolerable working conditions.
>
> <u>Element 3</u>: Plaintiff repeatedly informed workplace relations that he did not feel safe in the workplace due to harassment by Janice Richardson after Plaintiff received the Final Written Warning and after reporting Mrs. Richardson's sexually explicit Facebook Messenger group, which included Leidos employees under her supervision. The harassing actions included placing Plaintiff in an assigned seat with monitors that had limited mobility making it difficult for Plaintiff to see the screen and conduct his work; monitoring how many times Plaintiff used the restroom; documenting the length of time Plaintiff was away from his desk to speak to Leidos' Workplace Relations and Human Relations employees; threatening to doc Plaintiff's timecard for speaking with Workplace

Relations and Human Relations; transferring Plaintiff to an unknown work role with unknown requirements and duties.

## CONCLUSION

The Plaintiff has all of the documentation that is straightforward showing that he provided Leidos of his disability before his start of employment, throughout employment and ultimately he was disciplined for his disability in the final written warning which ultimate resulted in his constructive discharge. The Plaintiff has come forward with sufficient evidence, taken in the light most favorable to him, to establish the elements of his claim of discrimination based on disability, ultimately leading to his constructive discharge; therefore, the Plaintiff is entitled to summary judgement on these claims.

Respectfully submitted,

/s/ Sean P. Dougherty
Plaintiff
2578 Coppergate Square Drive
St. Louis, MO 63129

By Amber R. Davis, PhD BCMAS

## CERTIFICATE OF SERVICE

The undersigned certifies that on 04 January 2023, the foregoing was electronically filed with the Clerk of the Court using electronic mail, and was served via electronic mail to the following:

Mallory S. Zoia
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Mallory.Zoia@olgetree.com

Attorney for Defendant

/s/ Sean P. Dougherty

Plaintiff