UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN P. DOUGHERTY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:21-cv-01163-MTS |
| LEIDOS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff's Motion for Summary Judgment. Doc. [73]. Plaintiff's Statement of Material Facts, Doc. [75], does not cite to any materials in the record, a cardinal requirement of a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1) (requiring that a party asserting that a fact cannot be genuinely disputed "must support the assertion by . . . citing to particular parts of materials in the record"); E.D. Mo. L.R. 4.01(E) ("The Statement of Uncontroverted Material Facts must set forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s)."). For this reason, the Court must deny the Motion and will do so without requiring opposition briefing by Defendant, the nonmoving party on this Motion. *Cf.* Fed. R. Civ. P. 1 (requiring that the Federal Rules of Civil Procedure must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").[1]

Even putting this issue aside, Plaintiff fundamentally misunderstands the summary judgment standard and therefore has not established he is entitled to summary judgment.

---

[1] The Court has reminded Plaintiff of the requirement to follow all applicable Rules. *See, e.g.*, Doc. [47] at 2 (citing *In re Harris*, 277 F. App'x 645 (8th Cir. 2008) (per curiam) (noting "even pro se litigants must comply with court rules and directives" (citing *Soliman v. Johanns*, 412 F.3d 920, 921–22 (8th Cir. 2005)))).

*Compare Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009) (explaining that on a motion for summary judgment courts "must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party"), *with* Doc. [74] at 8 (arguing that "Plaintiff has come forward with sufficient evidence, taken in the light most favorable to him, to establish the elements of his claim of discrimination based on disability, ultimately leading to his constructive discharge; therefore, the Plaintiff is entitled to summary judgement on these claims").

Lastly, to be clear, the Court notes that this denial of Plaintiff's Motion for Summary Judgment does not dispose of Plaintiff's claims.  Rather, it means only that Plaintiff did not meet his burden to show that both: (1) there is no genuine dispute as to any material fact and (2) he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (explaining that "at the summary judgment stage the judge's function is . . . to determine whether there is a genuine issue for trial").  Further, this Memorandum and Order expresses no opinion on the merits of Defendant's pending Motion for Summary Judgment, Doc. [70].  Briefing on that Motion—which, upon first review, appears to comply with applicable procedural Rules—will proceed as required by the Second Amended Case Management Order.  *See* Doc. [62].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. [73], is **DENIED**.

Dated this 5th day of January 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE